UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COLDWELL BANKER REAL ESTATE
CORPORATION,

                Plaintiff,                05 CV 7282    HON. BATTS
   V.

                                                         **AMENDED ANSWER,**
                                                           **DEFENSES, AND**
FULL SERVICE REALTY LLC f/k/a               **COUNTERCLAIMS**
COLDWELL BANKER FULL SERVICE
REALTY, ERNEST GORRITI, EMILIO GORRITI,
AND JOHN ASTURIZAGA,

                Defendants.

Defendants, by their attorney, Dominick J. Fontana, hereby appear in this action and answer Plaintiff's complaint as follows:

### ALL DEFENDANTS ARE NOW REPRESENTED BY COUNSEL

1. Defendant Ernest Gorriti previously appeared and answered in this matter on a *Pro Se* basis. He is no longer appearing *Pro* Se and is now represented by above counsel. All of the other defendants are appearing and answering for the first time herein. As such, this *Amended Answer* shall supersede defendant Ernest Gorriti's previous *Pro Se* Answer and shall serve as the only Answer for all the defendants herein.

### PARTIES AND SUBJECT MATTER JURISDICTION

2. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint.
3. Defendants admit the allegations of paragraph 2 of the Complaint, except deny that defendant *Full Service Realty LLC* is a corporation and further deny that they were ever known by the name "Coldwell Banker FULL SERVICE REALTY." The correct name for purposes of the caption of this action and for all other papers filed

1

   herein is "COLDWELL BANKER *COMMERCIAL* FULL SERVICE REALTY."
4. Defendants admit the allegation of paragraph 3 of the Complaint but deny that Defendant John Asturizaga is a principal of FULL SERVICE REALTY.
5. Defendants deny the allegations of paragraphs 4, 5, and 6 of the Complaint.

### ALLEGATIONS COMMON TO ALL COUNTS

#### "The COLDWELL BANKER® Marks"

6. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 7, 8, 9, 10, 11, 12, 13, 14, and 15 of the Complaint and refer all questions of law and fact to the court.

#### The Agreements Between The Parties

7. Defendants admit the allegations of paragraphs 21 and 22 of the Complaint but deny that Emilio Gorriti and John Asturizaga provided a Personal Guaranty.

#### The Defendant's Termination

8. Defendants deny the allegations of paragraphs 23, 24, 25, 26, 27, 29, and 30 of the Complaint.

### FIRST COUNT
### (Violation of the Lanham Act)

9. Defendants repeat and reallege each and every allegation set forth in paragraphs 1 through 8, supra, as if set forth herein in their entirety.
10. Defendants deny the allegations of paragraphs 33, 35, 37, 38, 39, and 40 of the Complaint.
11. Defendants respectfully refer all questions of law to the court, in respect to paragraphs 32 and 34 of the Complaint.

2

## SECOND COUNT
## (Breach of Contract)

12. Defendants repeat and reallege each and every allegation set forth in paragraphs 1 through 11, supra, as if set forth herein in their entirety.
13. Defendants deny the allegations of paragraphs 43, 44, and 45 of the Complaint.

## THIRD COUNT
## (Breach of Contract – Franchise and Merchandise Fees)

14. Defendants repeat and reallege each and every allegation set forth in paragraphs 1 through 13, supra, as if set forth herein in their entirety.
15. Defendants deny the allegations of paragraphs 48 and 50 of the Complaint.

## FOURTH COUNT
## (Breach of Contract – Audit of Books and Records)

16. Defendants repeat and reallege each and every allegation set forth in paragraphs 1 through 15, supra, as if set forth herein in their entirety.
17. Defendants deny the allegations of paragraph 53 of the Complaint.

## FIFTH COUNT
## (Breach of Contract – Personal Guaranty)

18. Defendants repeat and reallege each and every allegation set forth in paragraphs 1 through 17, supra, as if set forth herein in their entirety.
19. Defendants deny the allegations of paragraphs 55 and 57 of the Complaint.
20. Defendants admit the allegations of paragraph 56 of the Complaint, but deny that Emilio Gorriti and John Asturizaga provided a Personal Guarantee.

## DEFENSES

### AS AND FOR A FIRST DEFENSE
### (Breach of the Franchise Agreement)

21. Defendants repeat and reallege each and every allegation set forth in paragraphs 1 through 20, supra, as if set forth herein in their entirety.
22. Performance on the part of the Defendants herein is excused by Plaintiff's breach of and failure to perform under the Franchise Agreement.

### AS AND FOR A SECOND DEFENSE
### (Franchise Agreement is Voidable)

23. Defendants repeat and reallege each and every allegation set forth in paragraphs 1 through 22, supra, as if set forth herein in their entirety.
24. The Franchise Agreement is void and/or voidable due to illegality stemming from the actions and inactions of the Plaintiff, its agents, employees, or assigns.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### (Plaintiff Fails to Assert a Federal Question - Lacks Subject Matter Jurisdiction)

25. Defendants repeat and reallege each and every allegation set forth in paragraphs 1 through 24, supra, as if set forth herein in their entirety.
26. Plaintiff's only infringement claim against Defendants involves "*advertisements on the internet through websites promoting real estate services under the Coldwell Banker name and through postings in the lobby of Full Service Realty's office building*."

27. Defendants did not ever own, operate, or pay for alleged advertisements through the internet under the Coldwell Banker name.
28. Defendants have repeatedly directed the building management (Helmsley Spear Co., LLC and Empire State Building Co.) to remove the lobby listing, which is one of several hundred listings on the lobby board and the removal of said listing is not within the *dominion and control* of defendants herein.
29. Defendant *Full Service Realty* LLC is no longer at the New York premises and, as such, there is no likelihood of confusion on the part of the public.
30. Plaintiff's infringement claims, even if proven to be true, are not substantial within the meaning of the Federal Rules of Civil Procedure.
31. As there is no legally cognizable claim under the *Lanham Act* against Defendants, this    Court lacks subject matter jurisdiction because the Complaint fails to assert a federal question according to 28 U.S.C. § 1331.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE
### (Plaintiff's Claim is Substantially Less than the Required Amount to Support Diversity Jurisdiction)

32. Defendants repeat and reallege each and every allegation set forth in paragraphs 1 through 31, supra, as if set forth herein in their entirety.
33. Plaintiff's action fundamentally asserts a contract claim and only incidentally involves a federal trademark law claim.
34. This Court lacks subject matter jurisdiction over Plaintiff's purported claims because the requisite amount in controversy to support this Court's exercise of diversity jurisdiction is lacking.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### (Court Lacks Personal Jurisdiction Over Defendants)

35. Defendants repeat and reallege each and every allegation set forth in paragraphs 1 through 34, supra, as if set forth herein in their entirety.
36. The Court lacks *in personam* jurisdiction over defendants *Ernest Gorriti, Emilio*

*Gorriti*, and *John Asturizaga*.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

37. Defendants repeat and reallege each and every allegation set forth in paragraphs 1 through 36, supra, as if set forth herein in their entirety.
38. The Complaint fails to state a cause of action for which relief may be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### (Equitable Defenses of Estoppel, Waiver, Laches, Unclean Hands, and Consent)

39. Defendants repeat and reallege each and every allegation set forth in paragraphs 1 through 38, supra, as if set forth herein in their entirety.
40. Plaintiff's claims are barred by the equitable doctrines of *estoppel, waiver, laches, unclean hands, and/or consent*.

## COUNTERCLAIMS

### AS AND FOR FIRST COUNTERCLAIM
#### (Violation of New York General Business Law)

41. Defendants repeat and reallege the responses set forth in paragraphs 1 through 40 as if set forth in their entirety herein.
42. Subject Matter Jurisdiction is vested in this Court based on Diversity of Citizenship and the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.
43. Upon information and belief, Plaintiff and non-party Cendant® Corp. desired to expand their COLDWELL BANKER COMMERCIAL® brand in the New York area

before the closing of the 2003 year.

44. Upon information and belief, Plaintiff could not find possible prospects within Midtown Manhattan, "the New York Location."

45. Plaintiff fraudulently induced Defendants to sign long term franchise agreements by promising that Defendants would be part of, and benefit from, the Cendant®/COLDWELL BANKER COMMERCIAL® family.

46. Plaintiff represented that they intended to establish, help develop, and grow Defendant's New York Location into a COLDWELL BANKER COMMERCIAL® office producing at least Ten Million Dollars per annum.

47. Upon information and belief and unbeknownst to Defendants, Plaintiffs were aggressively trying to sell franchises in order to get their year end bonuses from their parent company Cendant® before the calendar year ended.

48. Within months after Defendants were induced to sign Plaintiff's long-term franchise agreement, Plaintiff wrongfully terminated said franchise agreement.

49. Upon information and belief, Plaintiff never intended to keep COLDWELL BANKER COMMERCIAL FULL SERVICE REALTY, but only intended to build it up with false promises in order to cash in on the recognition of, *inter alia,* Defendant's prime location, before the year ended.

50. Plaintiff's conduct constitutes *fraud and deceit* and/or *fraudulent omission* under the New York General Business Law (GBL Section 687 – *Fraudulent and Unlawful Practices*).

51. As a direct result of Plaintiff's actions, Defendants have suffered damages, for which Plaintiffs are liable.

52. Defendants have been damaged in an amount to be determined at trial.

## AS AND FOR A SECOND COUNTERCLAIM
### (Fraudulent Inducement to Enter Contract)

53. Defendants repeat and reallege the responses set forth in paragraphs 1 through 52 as if set forth in their entirety herein.

54. Plaintiff, together with non-party Cendant® Corp., offered Defendant a Franchise known as COLDWELL BANKER COMMERCIAL®, to be opened in

7

Defendants' midtown location (hereinafter "*Premises*").

55. Plaintiff knew that Defendants lacked the adequate financing to lease, renovate, and operate the premises and successfully satisfy the terms of the anticipated Franchise agreement.

56. Plaintiff, through parent company Cendant®, promised Defendants a development loan in the amount of $70,000.00 in order to induce defendants to execute the franchise agreement and successfully satisfy the terms of said franchise agreement.

57. Upon information and belief, Plaintiffs knew that said development loan and Plaintiff's support in accordance with the franchise agreement were material elements in the success of the franchise.

58. As a result of Plaintiff's promises, Defendants executed the franchise agreement and proceeded with the purchase of the Cendant®/COLDWELL BANKER COMMERCIAL® franchise.

59. Upon information and belief, at the time of making the promises and representations to Defendants, Plaintiffs had no intention of satisfying said promises and representations.

60. Plaintiffs never provided the loan and support, as promised, and as a direct result thereof, Defendants were unable to comply with their obligations under the franchise agreement.

61. Plaintiff's actions constituted *Fraud in the Inducement* to enter into the franchise agreement.

62. Accordingly, said franchise agreement is void and/or voidable.

63. As a direct result of Plaintiff's actions, Defendants have been damaged by Plaintiff in an amount to be determined at trial.

## AS AND FOR A THIRD COUNTERCLAIM
### (Detrimental Reliance)

64. Defendants repeat and reallege the responses set forth in Paragraphs 1 through 63, supra, as if set forth in their entirety herein.

65. Plaintiffs promised and represented to Defendants that they would benefit from the COLDWELL BANKER COMMERCIAL® brand name, strength, and world-wide

8

network systems if they set up a midtown Manhattan office for their franchise operations. (See Plaintiff's Complaint at ¶12 and ¶17 referring to Franchise Agreement).

66. Defendants justifiably relied on Plaintiff's representations, and as a result thereof took the following actions, among others:

   a) Plaintiff executed a new lease agreement with The Empire State Building Corporation for approximately 7,000 square feet for five years for their exclusive franchised Real Estate operation;

   b) Plaintiff expended hundreds of thousands of dollars to finish renovating the above prime location and establish a new professional real estate establishment; and

   c) Plaintiff recruited, hired, trained, and retained twenty licensed Commercial Real Estate salespeople/agents.

67. Upon information and belief, Plaintiff knew that Defendants would rely on their representations and promises and knew of Defendants costly expenses in keeping up and developing a COLDWELL BANKER COMMERCIAL franchise.

68. Despite Defendant's substantial efforts, Plaintiff wrongfully terminated the franchise agreement.

69. Defendants relied on Plaintiff's promises and representations to their detriment, for which Plaintiff is liable.

70. As a direct result of Plaintiff's actions, Defendants have been damaged in an amount to be determined at trial.

**RELIEF REQUESTED**

**WHEREFORE**, defendants respectfully request judgment:

   (i)    Dismissing Plaintiff's complaint against Defendants in its entirety,
   (ii)   Granting a judgment for Defendants on its first, second, and third counterclaims in an amount to be determined at trial;
   (iii)  Together with interest, costs, disbursements, and attorneys' fees; and
   (iv)   For such other, further, and different relief as this Court deems just and proper.

Dated: New York, New York
       December 5, 2005

                                  Respectfully submitted,

                                By: ____/s_____
                                   DOMINICK J. FONTANA (DJF 0775)
                                   Empire State Building
                                   350 Fifth Avenue
                                   New York, NY 10118
                                   (212) 967-4200

                                   JOHN A. DALLEY (JD 2397)
                                   Of Counsel
                                   225 Broadway - Suite 3800
                                   New York, NY 10007
                                   (212) 608-5291

                                   Attorneys for Defendants