Daniel K. Winters (DW 1158)
Zoe F. Feinberg (ZF 7705)
REED SMITH LLP
599 Lexington Avenue
New York, New York  10022
(212) 521-5400

*Attorneys for Plaintiff Coldwell Banker Real Estate Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
COLDWELL BANKER REAL ESTATE,                                :   05 CV 7282 (DAB)
CORPORATION,                                                :
                         Plaintiff,                         :
                                                            :
         - against -                                        :
                                                            :
FULL SERVICE REALTY LLC f/k/a                               :
COLDWELL BANKER FULL SERVICE                                :
REALTY, ERNEST GORRITI, EMILIO                              :
GORRITI and JOHN ASTURIZAGA                                 :
                                                            :
                         Defendants.                        :
                                                            :
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF COLDWELL BANKER
REAL ESTATE CORPORATION'S MOTION TO STRIKE DEFENDANTS' ANSWER
<u>AND COUNTERCLAIMS AND ORDER A DAMAGES INQUEST</u>**

## TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 3 |
| ARGUMENT | 3 |
|     I.    DEFENDANTS' ANSWER AND COUNTERCLAIMS SHOULD BE RESTRICKEN | 3 |
| CONCLUSION | 5 |

## TABLE OF AUTHORITIES

**FEDERAL CASES**

Link v. Wabash R. Co., 370 U.S. 626 (1962)......................................................................4

**STATE CASES**

Galt v. Sealand Services, Inc., 1989 WL 69907 (N.D.N.Y. June 13, 1989).........................5

## **PRELIMINARY STATEMENT**

Plaintiff Coldwell Banker Real Estate Corporation ("Coldwell Banker") submits this Memorandum of Law in support of its Motion for an Order, striking Defendants Full Service Realty LLC f/k/a/ Coldwell Banker Full Service ("Full Service Realty"), Ernest Gorriti, Emilio Gorriti and John Asturizaga's (together with Full Service Realty, "Defendants") answer and dismissing the counterclaims, ordering a damages inquest and awarding such other and further relief as the Court deems proper.

This action was commenced on August 17, 2005, however, nearly a year and a half after such commencement, there has been no progress in the action. Such lack of progress is a direct result of Defendants' dilatory tactics. Defendants were served with Coldwell Banker's Summons and Complaint on August 18, 2005. As such, Defendants time to answer was originally set to expire on September 7, 2005. However, over a three month period, Defendants proceeded with a course of conduct of hiring and firing counsel which "necessitated" Defendants request for multiple extensions of time to answer the Complaint. As a result of such delays, Defendants were able to extend their time to answer to December 5, 2005.

Thereafter, the Court held a scheduling conference on March 24, 2006. At that conference, Defendants' third retained counsel, Mr. John Dalley, informed the Court that he would be filing a motion to withdraw as Defendants' counsel. Subsequent to the scheduling conference, Mr. Dalley, sought to be relieved as counsel and by Order, dated April 20, 2006, the Court ordered corporate defendant Full Service Realty to retain new counsel within 30 days of the date of the Order and individual defendants Ernest Gorriti, Emilio Gorriti and John Asturizaga to retain new counsel or proceed pro se.

Defendants' inexcusable delays caused by their continual habit of hiring and firing counsel necessitated the Court to enter the Order. To date, *nine months* since the Court's Order, Defendants have failed to retain new counsel and the individual defendants have not expressed an intention to proceed pro se. As a result of Defendants failure to abide by the Court's Order, Plaintiff has essentially been paralyzed in the litigation because it has been unable to proceed. Because of Defendants' manipulation of their own attorneys, their disregard for this Court's Order and their failure to prosecute their counterclaims, the answer and counterclaims of Defendants must be stricken and the matter should proceed to a hearing to permit Plaintiff to prove its damages.

## STATEMENT OF FACTS

Coldwell Banker respectfully refers the Court to the accompanying Affidavit of Daniel K. Winters, sworn to on January 24, 2007 ("Winters Aff.") for a statement of the facts pertinent to the instant motion.

## ARGUMENT

### DEFENDANTS' ANSWER AND COUNTERCLAIMS SHOULD BE STRICKEN

Plaintiff Coldwell Banker requests that the Court exercise its inherent power to enforce its prior order. Over the course of *three months,* after Defendants were served with Plaintiff Coldwell Banker's Complaint, Defendants sought the services and/or hired three separate attorneys to represent Defendants in the action. Finally, on December 5, 2005, Defendants filed their final answer to Plaintiff's Complaint. At the scheduling conference on March 24, 2006, Defendants' now former counsel, (and third retained counsel) John Dalley, informed the Court that he would be making an application to withdraw as counsel for Defendants. Thereafter, by order to show cause, filed on April 20, 2006, Mr. Dalley sought an order to be relieved as counsel for the Defendants. After reviewing Mr. Dalley's submission, by order dated April 20, 2006, the Court granted Mr. Dalley's request and stated the following:

> John A. Dalley hereby seeks to be relieved as counsel for the Defendants in this matter. Having reviewed the submissions herein, the Court GRANTS Mr. Dalley's motion to be relieved. The corporate Defendant shall retain new counsel within 30 days of the date of this order. Individual Defendant may retain new counsel or proceed pro se. The status conference currently scheduled for May 5, 2006 is adjourned sine die.

See Winters Aff., Ex. H.

Simply put, *nine months* after this Court's Order, Defendants have failed to comply with the Court's order by failing to retain new counsel. Nor have the individual defendants informed Plaintiff that they intend to proceed pro se. As a result of such non-compliance Plaintiff Coldwell Banker is paralyzed from moving the action forward as a corporate defendant cannot represent itself and Plaintiff is unable to contact the individual defendants because it does not know whether it has retained new counsel or intends to proceed pro se.

In Galt v. Sealand Services, Inc., 1989 WL 69907 (June 13, 1989 N.D.N.Y.), plaintiff moved to strike the answer of defendant Circle "E" Inc., and to direct the Clerk of the Court to enter a default against Circle "E" Inc. One year after filing an answer, the Court granted the motion of counsel for Circle "E" Inc. to withdraw as attorneys of record. Id. at *1. In the same order allowing counsel to withdraw, Defendant Circle "E" Inc. was directed to obtain new counsel within 30 days. Id. Defendant Circle "E" Inc. failed to comply with the Court's order and also failed to obtain new counsel so that it could be represented at the Rule 16 conference. Id. In addition, Circle "E" Inc. provided no excuse for its lack of compliance. Id. In granting plaintiff's motion to strike the answer of Circle "E" Inc., the Court stated the following,

> Simply stated, by failing to comply with this court's order to obtain new counsel, Circle "E" has failed to properly defend this action. Therefore, pursuant to the court's inherent powers to enforce its orders and to ensure prompt disposition of legal actions . . . the court grants plaintiff's motion to strike the answer of Circle "E".

Id.; see also Link v. Wabash R. Co., 370 U.S. 626, 631 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")

- 5 -

Similarly, Defendants' answer and counterclaims should be stricken and a default entered in Plaintiff's favor. Defendants have disregarded this Court's order. In addition, Defendants have failed to provide the Court or Plaintiff with any excuse as to why they have failed to comply with the Court's Order. As such, Defendants have made an affirmative decision not to properly defend this action. Such delay tactics should no longer be tolerated.

## CONCLUSION

For all the foregoing reasons, Coldwell Banker respectfully requests the Court to (1) strike Defendants' answer and counterclaims with prejudice in its entirety and order an inquest on damages; and (2) award Coldwell Banker such further and other relief as the Court deems proper.

Dated: New York, New York
       January 24, 2006

REED SMITH LLP

By: _____
Daniel K. Winters (DW 1158)
Zoe F. Feinberg (ZF 7705)
599 Lexington Avenue
29th Floor
New York, New York 10022
(212) 521-5400

Attorneys for Coldwell Banker Real Estate Corporation